IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Schafer,                            :
                    Petitioner              :
                                            :
          v.                                :
                                            :
Workers' Compensation Appeal                :
Board (Reese Masonry),                      :      No. 1162 C.D. 2016
                    Respondent              :      Argued:  June 5, 2017


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                          FILED: August 24, 2017


          Donald Schafer (Claimant) petitions for review of a June 15, 2016
Decision and Order of the Workers' Compensation Appeal Board (Board)
affirming the denial of Claimant's Petition for Reinstatement of total disability
benefits, and Petition for Penalties.  After consideration, we vacate and remand for
further proceedings.

          Claimant filed a Claim Petition in March 2012 for an injury sustained
on November 14, 2011 while working for Reese Masonry (Employer).  Prior to the
disposition of that Claim Petition, on January 17, 2013, Claimant filed a second
Claim Petition, alleging another work-related injury sustained on December 13,
2012.  On July 11, 2013, the Workers' Compensation Judge (WCJ) awarded

Claimant wage loss benefits for the closed period of December 6, 2011 to September 12, 2012, and denied Claimant's second Claim Petition.

On October 3, 2013, Claimant filed a Reinstatement Petition seeking reinstatement of benefits awarded on July 11, 2013, claiming he suffered a recurring wage loss as a result of the November 2011 injury. The WCJ denied Claimant's Reinstatement Petition for failure to sustain his burden of proof that his condition worsened, or that he could no longer perform his regular job duty as a roofer due to his disability attributable to his recognized work injury of November 14, 2011. Claimant's Penalty Petition was also denied, along with a request for an award of counsel fees for an unreasonable contest. Claimant appealed to the Board, which affirmed the decision of the WCJ. This appeal followed.[1]

**Discussion**

Claimant sets forth two arguments in his brief. First, Claimant argues the WCJ required an incorrect burden of proof for the Reinstatement Petition; the WCJ's opinion and order are thus in error; and the Board erred in affirming that opinion and order. Second, Claimant argues the Board erred in affirming the WCJ when his decision was based on an erroneous finding that Claimant returned to work at full duty.

In his first argument (regarding the "incorrect burden of proof" issue), Claimant cites *Pieper v. Ametek-Thermox Instruments Div.*, 584 A.2d 301 (Pa.

---

[1] Our standard of review of an agency decision, including one of the Board's, is limited to determining whether there has been a constitutional violation, an error of law, or a violation of agency procedure, and whether necessary findings of fact are supported by substantial evidence. *Bufford v. Workers' Compensation Appeal Board (North American Telecom)*, 2 A.3d 548, 551 (Pa. 2010).

1990), and asserts that when benefits have been suspended and a claimant seeks reinstatement, he must only prove his earning power is once again adversely affected by his disability and that the disability giving rise to his original claim continues.

Section 413 of the Workers' Compensation Act[2] (Act) provides, in pertinent part, that a WCJ may reinstate a notice of compensation payable (NCP) upon petition and proof that the disability of an injured employee has recurred, "[a]nd provided further, [t]hat where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to the injury." In *Bufford*, our Supreme Court modified the standard set forth in *Pieper* when a claimant is seeking reinstatement of suspended benefits.

> A claimant seeking reinstatement of suspended benefits must prove his or her earning power is once again adversely affected by his or her disability, and that such disability is a continuation of that which arose from his or her original claim. The claimant need not re-prove that the disability resulted from a work-related injury during his or her original employment. Once the claimant meets this burden, the burden then shifts to the party opposing the reinstatement petition. In order to prevail, the opposing party must show that the claimant's loss in earnings is not caused by the disability rising from the work-related injury. This burden may be met by showing that the claimant's loss of earnings is, in fact, caused by the claimant's bad faith rejection of available work within the relevant required medical restrictions or by some circumstance barring receipt of benefits

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.

3

that is specifically described under provisions of the Act or in this Court's decisional law.

*Bufford*, 2 A.3d at 558.

In his opinion and order, the WCJ specifically concluded that Claimant had not sustained his burden of proof with respect to the reinstatement Petition, holding that Claimant failed to prove his condition had worsened, or that he could no longer perform his regular duty as a roofer. (Reproduced Record (R.R.) at 89a.) In its June 15, 2016 opinion upholding the WCJ's decision, the Board referred to the *Bufford* standard. (R.R. at 95a.) But after summarizing the relevant testimony and findings of the WCJ, the Board concluded that it found "no error in the determination that Claimant transitioned back to full duty after his initial injury and that the adverse effect on his earning power was not affected by his November 14, 2011 injury." *Id.* at 99a.

Under the standard set forth in *Bufford*, Claimant only needed to prove his earning power was once again adversely affected by his disability, and that such disability was a continuation of that which arose from his original claim. Claimant did not need to prove his condition had worsened or that he could no longer perform work as a roofer. The Board's conclusion that the WCJ did not err in determining that "the adverse effect on [Claimant's] earning power was not affected by his November 14, 2011 injury" is at best perplexing. The WCJ's order and opinion contained no such determination. The Board did not independently conclude that Claimant failed to prove his earning power was once again adversely affected by his disability and that such disability was a continuation of that which arose from his original claim, as required by *Bufford.* As such, we agree with Claimant that the WCJ erred in applying the wrong standard and the Board erred in affirming that decision.

4

Because we have concluded the WCJ applied the incorrect standard and the Board erred in affirming the decision of the WCJ, we need not address Claimant's second argument.

For these reasons, the order of the Board is vacated and this matter is remanded for further proceedings consistent with this opinion.


_____
JOSEPH M. COSGROVE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Schafer,                              :
                    Petitioner               :
                                             :
          v.                                 :
                                             :
Workers' Compensation Appeal                 :
Board (Reese Masonry),                       :      No. 1162 C.D. 2016
                    Respondent               :


O R D E R


          AND NOW, this  24th day of August, 2017, the June 15, 2016 order of the Workers' Compensation Appeal Board is hereby vacated and we remand this matter for further proceedings consistent with this opinion.   Jurisdiction is relinquished.


                              _____
                              JOSEPH M. COSGROVE, Judge